UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Civil No. 12-03208-CV-S- |
| | ) |
| **United States Currency in the** | ) |
| **Approximate Amount of $36,495.00.** | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT FOR FORFEITURE *IN REM*

Plaintiff, United States of America, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

## NATURE OF THE ACTION

1. Plaintiff, United States of America, alleges the following upon information and belief in this action to forfeit and condemn to the use and benefit of the United States of America the following property: United States Currency in the amount of $36,495.00 for violations of 21 U.S.C. § 841 *et seq*.

## JURISDICTION AND VENUE

2. Plaintiff brings this action *in rem* to forfeit and condemn the defendant property under 21 U.S.C. § 881(a)(6). This Court has jurisdiction over this action under 28 U.S.C. §§ 1345 and 1355.

3. Venue is proper in this district pursuant to 28 U.S.C. §1355(b)(1)(A), because the acts giving rise to the forfeiture occurred in this district; 28 U.S.C. §1395 because the defendant property is located in this district.

## THE DEFENDANT *IN REM*

4. The defendant consists of the following property: $36,495.00 in United States currency seized from Bernard McDonald on February 9, 2012.

5. The defendant property has an approximate value of $36,495.00. The defendant currency is currently in the possession, custody, and control of law enforcement in Springfield, Missouri.

6. The name and last known address of the possible claimant to the defendant property is:

Bernard K. McDonald
3289 N. Western
Springfield, MO 65803

## FACTS

7. On February 9, 2012, United States Postal Inspector Matt Murrow contacted COMET (Combined Ozarks Multi-Jurisdictional Enforcement Team) Officer Michael Shook about a package which had been identified as possibly containing controlled substances. The Postal Inspection Service had implemented a controlled substance interdiction program targeting parcels mailed to and from the Lousville, Kentucky area, and this package met the criteria.

8. Inspector Murrow also notified Springifeld Police K-9 Handler Eric Hawkins. Hawkins's K-9, Rocky, is certified to sniff/indicate on methamphetamine, marijuana, cocaine, heroin, and MDMA. Officer Hawkins arranged the parcel on the ground with two others. Rocky sniffed the packets and indicated on Package # EG39857617US. Officers rearranged the packages and Rocky indicated a second time on the same package. The package was then returned to Inspector Murrow for a controlled delivery.

9. Package # EG39857617US was addressed to Bernard McDonald at 3289 N. Western Avenue in Springfield, Missouri 65803. Murrow ran the name in a law enforcement database

and found that McDonald had several entries for controlled substance violations, as well as resisting and obstructing arrest. Based upon this information, officers applied for an anticipatory warrant.

10. At approximately 2:50 in the afternoon, Murrow delivered Package #EG39857617US to McDonald. McDonald signed for the package, then COMET officers served the search warrant.

11. During the execution of the warrant, officers located and seized the following:

   A set of functional Royal brand digital scales;

   A metal grinder with marijuana residue;

   Accura brand twin beam scales;

   Part of a grinder located on the side table in McDonald's room;

   A bag of packaging material smelling strongly of grease and marijuana;

   12 loaded dice;

   Paperwork and financial documents;

   Four plastic totes smelling strongly of marijuana located in the garage;

   $36,495 in U.S. currency.

12. While searching the garage, officers noted that a black Pontiac passenger car also smelled strongly of marijuana and had the back seat disconnected. The trunk liner had been pulled away, as if items had been concealed therein.

13. When interviewed, post-Miranda, McDonald told officers that he was self-employed. He stated that he earned income from car sales, rental property, and gambling. When asked about the currency in his bedroom, McDonald stated that he received an insurance settlement in 2009 when one of his rental properties burned. He also received approximately $14,000 when

his mother died in 2009. He indicated that some of the currency was from those two events, and some was from gambling, but did not know how much. Officers located 2010 federal tax returns which indicated that Bernard McDonald and his wife made $15,000 in that tax year.

14. When asked about the totes with the strong odor of marijuana, McDonald said that he had gotten the totes from someone, but didn't remember who. He then said that he had gotten some of the totes from a garage sale and had found one of them on the side of the road.

15. Intelligence on McDonald indicates that he is a marijuana dealer with ties to Kansas City. His cell phone (913-602-9092) is a Kansas City, Kansas number and phone records show ties to other active drug cases. McDonald's previous arrest record includes the following:

6/14/1995-MO-Felony possession of a controlled substance

11/29/1996-MO-Felont possession of a controlled substance

6/16/2006-MO-Felony possession of a controlled substance

6/1/2007-MO-Felony possession of a controlled substance

6/11/2007-TX-Money Laundering

2/5/2008-MO-Misdemeanor possession of marijuana

3/6/2008-MO-Felony possession of a controlled substance

5/5/2008-MO-Felony possession of a controlled substance

16. Based upon the packaging, the strong marijuana smell in the totes, the large amount of U.S. Currency from an implausible source, and the state of the Pontiac interior, officers believe that McDonald is a marijuana distributor who happened to be out of marijuana at the time the warrant was served.

**CLAIM FOR RELIEF**

17. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1

through16 above.

18. The defendant currency was furnished or intended to be furnished in exchange for a controlled substance, were proceeds traceable to such an exchange, or were used or intend to be used to facilitate any violation of 21 U.S.C. § 841 *et seq*.

19. As a result of the foregoing, the defendant currency is liable to condemnation and to forfeiture to the United States for its use, in accordance with 21 U.S.C. § 881(a)(6).

WHEREFORE, the plaintiff requests that notice of this action be given to all persons who reasonably appear to be potential claimants of interest in the defendant property; that the defendant property be forfeited and condemned to the United States of America; that the plaintiff be awarded its costs and disbursements in this action and for such other and further relief as this court deems proper and just.

Respectfully submitted,

Beth Phillips
United States Attorney

By */s/ Cynthia J. Hyde*

Cynthia J. Hyde
Assistant United States Attorney
Mo. Bar No. 34735
901 St. Louis St., Ste. 500
Springfield, MO 65806-2511
(417) 831-4406 telephone
(417) 831-0078 facsimile
cynthia.hyde@usdoj.gov

Dated: April 18, 2012

# VERIFICATION

I, Tim Krisik, hereby verify and declare under penalty of perjury that I am a Special Agent with the Drug Enforcement Administration. I have read the foregoing Verified Complaint *in rem* and know its contents. The matters contained in the Verified Complaint are true to my own knowledge.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as a Special Agent with the Drug Enforcement Administration.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.


Dated: April 17, 2012                  */s/ Tim Krisik*
                                                       Special Agent Tim Krisik
                                                       Drug Enforcement Administration